# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ANGEL AMAYA, EDUARDO DEANDA, OCTAVIO NORIS, JORGEAGUILAR, SHAWN FORBES, and JAVIER AMAYA, <br><br> Defendants. | No. CR11-4065-MWB <br><br> **ORDER AND REPORT AND RECOMMENDATION** |

_____

This matter is before the court on defendant Javier Amaya's motion to dismiss indictment or in the alternative to strike superfluous language and for a bill of particulars (Doc. No. 136); defendant Javier Amaya's motion to compel disclosure of identity of source of information (Doc. No. 138); defendant Javier Amaya's motion to dismiss Count 1 and/or, alternatively, to sever (Doc. No. 140); and defendant Angel Amaya's motion to strike and/or motion to withdraw (Doc. No. 146). On September 30, 2011, the court held a hearing on the motions where Assistant United States Attorney Robert Knief appeared on behalf of the government, Scott Rhinehart appeared on behalf of defendant Angel Amaya, and Christopher Buckley appeared on behalf of defendant Javier Amaya. This matter is now fully submitted.

### *Defendant Angel Amaya's Motion to Strike and/or Motion to Withdraw*

As a result of a conflicts check, counsel for defendant Angel Amaya discovered that he had previously represented Scott Dwyer, a cooperating government witness in this case. Counsel thus argues that "proceeding with this case if Mr. Scott Dwyer is to be called as a witness would be a conflict to the detriment [of] Defendant Amaya and potentially Mr.

Scott Dwyer." Doc. No. 146 ¶ 4. According to counsel, "this conflict is unresolvable unless the Government agrees to withdraw Mr. Scott Dwyer as a witness or he is stricken as a witness or the Court authorizes [counsel] to withdraw as counsel of record." *Id.* ¶ 7. At the hearing, the court did not find that Mr. Rhinehart's previous representation of Scott Dwyer created a conflict with his representation of defendant Angel Amaya. In any event, the government represented that Scott Dwyer was willing to waive any conflict in writing before testifying. Further, Angel Amaya represented to the court that he was willing to waive any conflict resulting from his attorney's previous representation of Scott Dwyer. Accordingly, defendant Angel Amaya's motion to strike and/or motion to withdraw (Doc. No. 146) is **denied**.

*Defendant Javier Amaya's Motion to Compel Disclosure of Identity of Source of Information*

Defendant Javier Amaya seeks disclosure of the identity of the source of information described in the Report of Investigation prepared on July 12, 2011. Doc. No. 138. At the hearing, the government revealed the identity of the source of information. *See also* Doc. No. 173. Accordingly, defendant Javier Amaya's motion to compel the disclosure of the identity of the source of information (Doc. No. 138) is **denied as moot**.

*Defendant Javier Amaya's Motion to Dismiss Indictment or, in the Alternative, to Strike Superfluous Language and for a Bill of Particulars*

Count 2 of the superseding indictment alleges conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), stating as follows:

> From a date unknown but prior to January 2011 and continuing through about May 2011, in the Northern District of Iowa and elsewhere, defendants ANGEL AMAYA, JORGE AGUILAR, SHAWN FORBES, and JAVIER AMAYA did knowingly and unlawfully combine, conspire, confederate, and agree, with each other and others known and unknown to

2

the grand jury, to commit the following offense against the United States, to wit: to unlawfully, knowingly, and wilfully conduct financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, which violations include but are not limited to Count 1 of this Indictment . . . .

Doc. No. 77 at 2.

Defendant Javier Amaya seeks the dismissal of Count 2 of the superseding indictment as impermissibly vague because that count "fails to specify the conduct, or the period of time encompassing the conduct, that is sought to be punished with any specificity." Doc. No. 136-1 at 1. Alternatively, the defendant argues that the vague portion of the indictment should be stricken. *Id.* at 3. Further, the defendant requests the court to exercise its discretion to order a bill of particulars. *Id.* at 3-4.

As the defendant points out, an indictment must include a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

> [A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished. Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.

*Hamling v. United States*, 418 U.S. 87, 117-18, 94 S. Ct. 2887, 2907-08 (1974) (citations omitted) (internal quotation marks omitted).

At the hearing, counsel for the defendant asserted that such phrases in Count 2 such as "from a date unknown but prior to January 2011," "in the Northern District of Iowa and

elsewhere," and "others known and unknown," should be stricken as being impermissibly vague or superfluous. The court disagrees. Such language is not atypical in indictments alleging conspiracy to commit money laundering. Further, the defendant's argument that the indictment must delineate the financial transactions at issue is unavailing. Accordingly, the undersigned recommends that defendant Javier Amaya's motion to dismiss Count 2 of the superseding indictment or to strike superfluous language be **denied**.

Alternatively, the defendant seeks a bill of particulars. Doc. No. 136-1 at 3-4. Ordinarily, a bill of particulars is not appropriate where, as here, the parties have entered into the "open file" discovery stipulation used in this district. However, in this case, Javier Amaya argues a bill of particulars is necessary to provide him with the information necessary to prepare a defense to Count 2 of the superseding indictment.

"The district court has broad discretion in granting or denying a bill of particulars." *United States v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993). "[T]he purpose of a bill of particulars is to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial." *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir.1993). The *Wessels* court explained further:

> An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to the subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.

*Id*. (citation omitted).

The court may order the government to provide additional details if the indictment fails to apprise the defendant sufficiently of the charges against him to enable him to prepare a defense. *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986).

However, "a bill of particular is not a proper tool for discovery." *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990); *accord Wessels*, 12 F.3d at 750.

It is evident from this record that Javier Amaya is arguing about the sufficiency of the evidence against him on the money laundering charge. Such arguments may be made at trial, but are not appropriate at this stage of the case, and certainly do not justify a bill of particulars. *See United States v. Johnson*, 225 F. Supp. 2d 982, 990-95 (N.D. Iowa 2002) (containing, at pages 994-95, an extended discussion of the law relating to bills of particulars, including the appropriateness of a bill of particulars where the government has an "open file" discovery policy). There is nothing in this record to suggest Javier Amaya needs a bill of particulars to inform him of the nature of the charge against him with sufficient precision to enable him to prepare for trial or to avoid or minimize the danger of surprise at trial. If Javier Amaya believes the government's evidence is not sufficient to support a conviction at trial on Count 2, then he is in a position to make that argument at trial without a bill of particulars.

Defendant Javier Amaya's motion for a bill of particulars (Doc. No. 136) is **denied**.

***Defendant Javier Amaya's Motion to Dismiss Count 1 and/or, Alternatively, to Sever***

Defendant Javier Amaya requests the court to dismiss Count 1 of the superseding indictment against him or, alternatively, to sever his case from his co-defendants. Doc. No. 140.

Regarding joinder of trials, the United States Supreme Court has held:

Rule 8(b) states that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials "play a vital role in the criminal justice system." *Richardson v. Marsh*, 481 U.S. 200, 209,

107 S. Ct. 1702, 1708, 95 L.Ed.2d 176 (1987). They promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts. *Id.*, at 210, 107 S.Ct., at 1708. For these reasons, we repeatedly have approved of joint trials. *See ibid.*; *Opper v. United States*, 348 U.S. 84, 95, 75 S. Ct. 158, 165, 99 L.Ed. 101 (1954); *United States v. Marchant*, 12 Wheat. 480, 6 L.Ed.2d 700 (1827); *cf.* 1 C. Wright, Federal Practice and Procedure § 223 (2d ed.1982) (citing lower court opinions to the same effect). But Rule 14 recognizes that joinder, even when proper under rule 8(b), may prejudice either a defendant or the Government. Thus, the Rule provides:

> If it appears that a defendant or the government is prejudiced by a joinder of . . . defendants . . . for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

*Zafiro v. United States*, 506 U.S. 534, 537-38, 113 S. Ct. 933, 937, 122 L.Ed.2d 317 (1993).

However, "[a] defendant is not entitled to severance merely because the evidence against a co-defendant is more damaging than the evidence against him. . . . Severance becomes necessary [only] where . . . a jury could not be expected to compartmentalize the evidence as it relates to separate defendants." *United States v. Mathison*, 157 F.3d 541, 546 (8th Cir. 1998). Javier Amaya has made no specific claims that are sufficient to overcome the preference for a joint trial. *See United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002). "Where multiple defendants are tried together, the risk of undue prejudice is best cured through cautionary instructions to the jury." *United States v. Boone*, 437 F.3d 829, 838 (8th Cir. 2006) (citing *United States v. Mickelson*, 378 F.3d 810, 817 (8th Cir. 2004)).

Javier Amaya has failed to meet his burden to show he would suffer serious prejudice from joinder with his co-defendants for trial. His motion to sever is **denied**. Further, his contention that the court should dismiss Count 1 of the superseding indictment

6

against him because that count is "inextricably entangled" with Count 2 so as to confuse the jury or to taint their deliberations is without merit. Accordingly, the undersigned recommends that defendant Javier Amaya's motion to dismiss Count 1 of the superseding indictment be **denied**.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED as follows:

(1) Defendant Angel Amaya's motion to strike and/or motion to withdraw (Doc. No. 146) is **denied**;

(2) Defendant Javier Amaya's motion to compel the disclosure of the identity of the source of information (Doc. No. 138) is **denied as moot**;

(3) Defendant Javier Amaya's motion for a bill of particulars (Doc. No. 136) is **denied**; and

(4) Defendant Javier Amaya's motion to sever (Doc. No. 140) is **denied**.

IT IS RESPECTFULLY RECOMMENDED as follows:

(1) Defendant Javier Amaya's motion to dismiss Count 2 of the superseding indictment or to strike superfluous language (Doc. No. 136) should be **denied**, and

(2) Defendant Javier Amaya's motion to dismiss Count 1 of the superseding indictment (Doc. No. 140) should be **denied**.

Objections to this Report and Recommendation must be filed by **October 4, 2011**. Responses to objections must be filed by **October 5, 2011**.

**IT IS SO ORDERED.**

**DATED** this 3rd day of October, 2011.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

7